UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WESTPORT INSURANCE CORP., )
)
                       Plaintiff, )
)
     vs. )         06 C 5420
)
ATLANTIC PAINTING COMPANY, INC., )
and RICARDO MENDEZ, )
)
                       Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant Atlantic Painting Co. ("Atlantic Painting")'s motion to dismiss or stay Plaintiff Westport Insurance Co. ("Westport")'s complaint for declaratory judgment. For the following reasons, Atlantic Painting's motion is denied.

## BACKGROUND

At issue in this case is the interpretation of a policy of workers' compensation employer's liability insurance issued by Westport to Atlantic Painting (the "Policy"). Westport seeks a declaration from this Court that it owes no duty to defend or indemnify Atlantic Painting, or Atlantic Painting's employee, Ricardo Mendez, under the Policy. Westport asserts that it is relieved of these duties because Atlantic

Painting materially breached the terms of the Policy when it failed to notify Westport of the injury suffered by Mendez and then self-administered Mendez's claim.

Mendez has filed an application for benefits before the Illinois Industrial Commission ("the Commission"), naming first Atlantic Painting, and later Westport, as respondents. Atlantic Painting claims that the parties have "participated before the commission regarding the issue of insurance coverage" for Mendez's claim, although no party has explained exactly what such "participation" has entailed.

Westport filed the instant declaratory judgment action in October 2006 and filed an amended complaint for declaratory judgment on March 1, 2007. Atlantic Painting now seeks to have Westport's amended complaint dismissed or stayed until proceedings in front of the Commission are resolved.

## DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a court may declare the rights and other legal relations of any interested party to an actual controversy within its jurisdiction. We have diversity jurisdiction pursuant to 28 U.S.C. § 1332. The proceedings before the Commission against Atlantic Painting, and Illinois's requirement that Westport must either defend Atlantic or seek a declaratory judgment, *State Farm Fire & Cas. Co. v. Martin*, 710 N.E.2d 1228, 1230-

1231 (Ill. 1999), make clear that the issue of the extent of Westport's duty presents an actual controversy for which declaratory judgment is appropriate.

Even when jurisdiction over a declaratory judgment action is proper, a court still possesses "unique and substantial discretion" in determining whether or not to exercise the powers granted under the Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). The purpose of a declaratory judgment is to resolve uncertainty surrounding legal relations in a particular controversy, even if such a controversy is not technically ripe for decision, where it would be "unfair or inefficient" to require the parties to wait for decision in order to determine the propriety of their course of action. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987). Accordingly, in choosing to exercise its discretion under § 2201, a court considers whether determination of the issues in the declaratory action will settle the controversy and clarify the legal relations of the parties without encroaching on state jurisdiction, bypassing a better remedy, or encouraging forum-shopping and a "race for *res judicata*." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994).

Atlantic Painting urges us to exercise our discretion to stay or dismiss this action out of deference to pending state administrative proceedings, arguing that all parties are currently litigating the coverage issue before the Commission, a forum that

Atlantic Painting contends is better suited to determine all of the issues surrounding Mendez's compensation claim. Thus, they argue, a stay or dismissal would be more efficient and would avoid intruding on the Commission's authority.

It is clear from the pleadings that a determination of whether or not Atlantic Painting's actions breached the Policy and accordingly relieved Westport of its duties under the Policy would clarify the legal relations between the parties and prevent Westport from having to participate unnecessarily in the proceedings before the Commission. Thus, we will examine whether or not the exercise of our discretion in hearing this declaratory action will encroach on Illinois's jurisdiction, provide a less effective remedy, or support forum-shopping. *See NUCOR*, 28 F.3d at 579.

Atlantic Painting asks us to stay this action out of deference to a state administrative proceeding. Two doctrines aid a court in determining whether deference to administrative agencies is proper. Under the first, the doctrine of primary jurisdiction, a court will stay litigation pending action by an administrative agency legislatively entrusted with the determination of a particular issue, *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 299 F.3d 643, 651-52 (7th Cir. 2002), or in which the agency has particular expertise, *In re StarNet, Inc.*, 355 F.3d 634, 639 (7th Cir. 2004). Under the second doctrine, *Burford* abstention, federal courts asked to address issues pending in front of state administrative agencies will

defer to those agencies where adequate state court review is available and (1) there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

In this case, neither of these doctrines bar our consideration of the insurance coverage dispute at issue. The Illinois Supreme Court has made clear that where a coverage dispute connected with a workers' compensation claim is pending in both the Commission and the circuit courts, the circuit court has paramount jurisdiction over the coverage issue. *Employers Mutual Cos. v. Skilling*, 644 N.E.2d 1163 (Ill. 1994). *Employers Mutual* presents almost exactly the same factual scenario as the instant case. In *Employers Mutual*, the employee filed workers' compensation claims against his employer. While the claims were pending before the Commission, the employer's workers' compensation insurer filed a motion for leave to be added as a respondent and argued that it had no duty to defend or indemnify the employer or to pay benefits to the employee. The insurer also filed suit for declaratory judgment in circuit court against the employer and the employee. The employee moved for

dismissal in the circuit court, arguing that the Commission was the proper forum for the determination of any issues connected to his claim. In considering the issue, the Illinois Supreme Court held that while the circuit courts of Illinois and the Commission have concurrent jurisdiction over disputes concerning insurance coverage for workers' compensation claims, once a declaratory judgment is filed in the circuit court, the jurisdiction of the circuit court becomes paramount. *Id.* at 1166. Because the courts, not the Commission, are best suited to determine questions of contract interpretation at the heart of the coverage dispute, the Illinois Supreme Court concluded that an insurer is entitled to declaratory relief in the courts without having to undergo the delay and expense of advancing its position before the Commission. *Id.* Given the Illinois Supreme Court's determination of the relative expertise of the courts and the Commission, we see no reason to believe that our determination of the coverage issue will encroach on the jurisdiction of the Commission.

Instead of addressing questions of deference to administrative agencies, Atlantic Painting argues that we should equate proceedings before the Commission to state court proceedings, and use the factors set out in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), in determining whether or not to hear this declaratory action. In *Brillhart*, the Supreme Court held that when a federal district court is presented with a claim for declaratory relief while another suit presenting the same

issues is pending in state court, it should "ascertain whether the questions in controversy between the parties to the federal suit...can better be settled in the proceeding pending in the state court." 316 U.S. at 495. *Brillhart*, and similar cases cited by Atlantic Painting, are premised on the concern that, in some instances, permitting a declaratory judgment to proceed in federal court while a similar suit was pending in state court would be uneconomical and amount to "gratuitous interference" with state law. *Wilton*, 515 U.S. at 282-83. Even if we were to conclude that *Brillhart* provided the appropriate analytical framework to guide the exercise of our discretion here, all of Atlantic Painting's arguments concerning the advantages of permitting the Commission to decide the coverage issue have been definitively rejected by the Illinois Supreme Court in *Skilling.* While the Illinois Supreme Court cannot require us to assume jurisdiction of this declaratory judgment action, we are guided by its interpretation of the Illinois workers' compensation act and its judgment concerning the jurisdictional authority of the Commission. *See, e.g., Bevolo v. Carter,* 447 F.3d 979, 982 (7th Cir., 2006) (federal court sitting in diversity applies substantive law of the forum state).

The Illinois Supreme Court has made clear that the Commission is not the best forum to settle disputes concerning the scope of coverage for workers' compensation policies. *Skilling*, 644 N.E. at 1166. Given this holding, we see no reason to

conclude that Westport's decision to file this action in federal court, rather than state court, as it is entitled to under 28 U.S.C. § 1332, evidences any improper motive. The principles enunciated in *Skilling* persuade us that the fairest and wisest course is to permit Westport to pursue its declaratory judgment action in this court, just as it could in an Illinois court, without waiting for the Commission to render a decision.

## CONCLUSION

For the foregoing reasons, Atlantic Painting's motion to dismiss or stay is denied.

    /s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   May 3, 2007
.